## Michael H. Hussey, Appellee, v. John Gourley, Appellant.

### Gen. No. 5213.

1. JUDGMENTS—*when equity will not enjoin enforcement of.* Equity will not enjoin the enforcement of a judgment at law, however defective or questionable the method by which it has been obtained, unless the party against whom the judgment was obtained had a valid and sufficient defense to the claim or demand so put in judgment.

2. JUDGMENTS—*when equity will not enjoin enforcement.* Equity will not enjoin the enforcement of a judgment at law if the remedy by *certiorari* will afford the necessary relief sought.

3. PLEADING—*how to be construed.* The pleading of a party is to be construed most strongly against him.

Bill for injunction. Appeal from the Circuit Court of Lake county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed October 19, 1909. Rehearing denied April 13, 1910.

COOKE, POPE & POPE, for appellant.

ORVIS & BEAUBIEN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On January 10, 1903, Helen M. Yeoman leased to Michael H. Hussey certain premises in Waukegan from January 1, 1903, to January 1, 1908, at a certain rental, with an option in said Hussey to extend said lease for five years at a certain increased rental, if said premises had not meantime been sold by Mrs. Yeoman and notice served upon Hussey as therein provided. The provisions as to notice followed, in these words:

"It is mutally agreed that if the said party of the first part shall sell said premises hereinbefore described, and shall desire to terminate this lease and prevent the said second party from exercising the

option of the additional five years herein provided for, then the said party of the first part shall give or cause to be given to the said party of the second part, his executors, administrators, or assigns, a written notice of such fact on or before the first day of April A. D. 1907, which notice, if given, shall have the effect to terminate the option herein provided for the extension of this lease.''

Mrs. Yeoman sold and conveyed the premises to John Gourley. On April 20, 1908, after the expiration of the five years first named in the lease, Gourley filed a complaint against Hussey before a justice of the peace of the county, charging Hussey with a forcible detainer of said premises, and a summons for said defendant in an action of forcible detainer was issued, returnable April 25, 1908, at 9 A. M., and was duly served. There were successive continuances, and on May 9, 1908, defendant did not appear and plaintiff took judgment. On May 16, 1908, no appeal having been taken, a writ of restitution was issued to the sheriff of the county. On May 20, 1908, Hussey filed a bill (with accompanying exhibits and affidavits) against Gourley and the sheriff, praying a temporary injunction against the enforcement of the writ of restitution, and that upon a hearing the injunction be made perpetual. A temporary injunction was issued. Defendants moved to dissolve the injunction on the face of the bill. This motion was denied. They then filed separate answers, and filed exhibits and affidavits therewith, and Gourley moved that the injunction be dissolved upon bill, answers and affidavits. Each party by leave of the court filed further affidavits. The motion to dissolve was heard upon said pleadings and exhibits thereto and affidavits, and was denied. This is an appeal by Gourley from that order.

It was alleged as ground for the injunction that Gourley's attorney had fraudulently taken judgment on May 9 in the absence of and without the knowledge of Hussey, in violation of an agreement between the attorneys for the parties that the cause should be

continued till after May 18, and that knowledge of the judgment did not come to Hussey or his attorney till after the expiration of the five days allowed by law for an appeal in a forcible detainer case; and also that there were defects in the judgment docket of the justice as originally written, which had been since corrected without lawful authority. The affidavits upon these subjects were very conflicting. If the right to an injunction depended upon which affidavits should be believed, the court might well have refused to dissolve the injunction till the test of cross examination had been applied to the witnesses upon a final hearing.

But equity will not enjoin the enforcement of a judgment at law, however defective or questionable the method by which it has been obtained, unless the party against whom the judgment was obtained had a valid and sufficient defense to the claim or demand so put in judgment. It must be shown that there will be a different result upon another trial. The judgment assailed must be shown to be unjust. Reed v. New York Exchange Bank, 230 Ill. 50; Cadillac Automobile Co. v. Boynton, 142 Ill. App. 381, and 240 Ill. 171. It is therefore material to inquire whether this record shows that Hussey had a valid defense to the action of forcible detainer brought against him by Gourley. The failure to give Hussey the notice as required in the lease was the defense alleged, and that he had thereafter exercised his option to renew the lease for another five years. On the subject of a lack of notice the bill contained two allegations. The lease was attached to the bill as Exhibit "A," and the bill alleged: "Your orator further represents that he received no notice of any sale of the above described premises by his lessor or by any one else, as provided in and by the terms of the said lease and contract * * * on or previous to the 1st day of April, 1907." If this had been the only allegation on that subject perhaps it would have been sufficient; but the bill

further averred "that no notice for the possession or termination of the said lease or contract shown as Exhibit A hereto attached was ever served upon your orator by any officer or person authorized by law to serve the same." These two allegations taken together are evasive, and when construed, as they must be, most strongly against the pleader, must be held to mean that Hussey received no notice which in his opinion was such as was provided by the terms of the lease, but that a notice which he considered defective and insufficient had been served upon him, and that it had been served upon him by some person whom he considered without authority to serve it. The contract, Exhibit "A" to the bill, only required that Mrs. Yeoman should give or cause to be given written notice to Hussey on or before April 1, 1907, that she had sold the premises and desired to prevent Hussey from exercising his option to renew the lease for an additional five years. There was no requirement that it should be served by any particular officer or person. There was no law making such a requirement. If some notice had been given Hussey which he regarded as insufficient in form or substance, or if he considered that the manner of its service was not a compliance with the contract, then he should have stated the facts in his bill and set out the notice which he did receive, so that the court could determine whether April 1, 1907, passed without his right to renew the lease having been terminated. The answer of Gourley, after stating that he bought the premises of Mrs. Yeoman on January 22, 1906, and received from her a warranty deed of the premises which he caused to be recorded on January 31, 1906 (giving the book and page of the record), and that Mrs. Yeoman at that time assigned said contract and lease to him, further alleged "that on or about the 30th day of March, 1907, and before the first day of April, 1907, the said defendant was notified of said sale in the way and manner provided in said lease and contract, to wit, by two different written notices served upon him by leaving

copies thereof, one of said notices being signed by this defendant, a copy of which is hereto attached to this his answer and made a part thereof and marked Exhibit A, and the other of said notices being signed by the said Helen M. Yeoman, a copy of which is likewise attached hereto and made a part of this answer and marked Exhibit B.'' Each of these notices, made a part of the answer, is very full and explicit, recites the provisions of the lease above referred to, states the fact and date of the sale and conveyance of the premises by Mrs. Yeoman to Gourley, and that the signer of the notice desired to terminate the lease and to prevent Hussey from exercising his option for an additional five years. Attached to this answer was an affidavit by one Hart stating that on March 30, 1907, he served said two notices upon said Hussey by leaving copies thereof with him, one signed by John Gourley and the other by Helen M. Yeoman. Hussey did not seek to amend the allegations of his bill, and he filed no affidavits contradicting this positive testimony. He did not seek a continuance or postponement of the motion to dissolve the injunction to enable him to procure testimony to overcome the answer, as permitted by section 18 of the statute relating to injunctions. The notices so set up in the answer appear to be in full compliance with the provisions of the lease, and completely terminated Hussey's · option to have the lease extended for another five years, and accordingly at the end of the first five years for which the lease was granted he no longer had any right to retain possession of the premises. He therefore had no defense to the action at law which he seeks to enjoin, and under the well-recognized principles already stated equity will not take jurisdiction to enjoin the enforcement of the judgment, no matter what the truth may be as to the other allegations of the bill.

Under the provisions of sections 75 to 80, both inclusive, of the statute relating to ''Justices and Constables,'' a writ of *certiorari* would have furnished Hussey an adequate remedy at law, if the Circuit

Court, upon the presentation of a petition for a writ of *certiorari*, had power to ascertain and fix the proper penalty of the special bond required to be given under section 19 of the act concerning forcible entry and detainer. If Hussey had such a remedy at law, he could not resort to equity. But it is unnecessary to determine whether the court could take such a bond upon a petition for a writ of *certiorari*, for the reason that we are satisfied that upon the record before us Hussey had no defense in the forcible detainer suit.

The order is therefore reversed, and the cause is remanded to the court below with directions to dissolve the injunction, and (as the injunction is the only purpose of the bill) to also dismiss the bill.

*Reversed and remanded with directions.*