**Joseph Elia, Defendant in Error, v. Frank Bavuso et al. (Defendants), Vincenzo Guglielmo, Plaintiff in Error.**

### Gen. No. 19,731.

1. PROCESS, § 8*—*sufficiency of summons in suit on penal bond.* In an action of debt on a penal bond the summons should state the debt demanded.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

2. JURY, § 84*—*sufficiency of oath.* Where a default is entered in an action of debt on a penal bond, a jury should be impaneled and sworn to assess plaintiff's damages; allowing a jury to assess damages upon being sworn, only "to try the issues joined and a true verdict render according to the evidence" is reversible error.

Error to the County Court of Cook county; the Hon. WILLIAM F. SLATER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed June 15, 1914. Rehearing allowed June 21, 1914 and opinion refiled July 20, 1914.

VINCENT D. WYMAN, OTTO W. JURGENS and CHARLES E. CARPENTER, for plaintiff in error.

WILLIAM A. JENNINGS, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Plaintiff Elia brought an action of debt against the defendants on a penal bond in the sum of four thousand six hundred dollars to perform the covenants in a certain building contract between Bavuso and plaintiff. The summons fails to state the debt demanded and only states that the defendants are required to answer "unto Joseph Elia in a plea of debt to the damage of the plaintiff one thousand dollars." The declaration is not drawn in accordance with approved forms, but as the judgment must be reversed for an error in procedure, we will not consider the question of the sufficiency of the declaration to support a judgment by default.

It appears from the record that plaintiff in error Guglielmo was duly served with summons, and failing to appear his default was entered; that thereupon came a jury, who were sworn "to try the issues joined and a true verdict render according to the evidence"; that the jury returned a verdict finding the issues for the plaintiff, finding "his debt to be $4600.00" and assessing plaintiff's damages at one thousand dollars; that then and before the entry of judgment the following order was made: "It is ordered that said debt

be discharged upon the payment of the damages, costs of suit and interest thereon.'' Then follows a judgment that plaintiff recover of defendant Guglielmo the sum of one thousand dollars and his costs. No issue was joined between the parties. The plaintiff had the right to have the damages assessed by a jury, but the swearing of the jury was radically defective because it did not include an oath to assess plaintiff's damages. The jury should have been impaneled and sworn to assess plaintiff's damages, and for the error in failing to swear the jury to assess the damages the judgment must be reversed. *McLain v. Taylor,* 9 Ark. 358; *Sydnor v. Burke,* 4 Rand. (Va.) 161. ''On an inquest of damages the jury should be sworn to ascertain the quantum of damages and not to try an issue joined.'' 10 Encyc. of Pl. & Pr. 1152.

The result may have a beneficial effect by producing more care on the part of attorneys in declaring and in the clerks of courts in preparing writs and keeping records, and thus preserve in attorneys and clerks some attention to legal forms. When the case goes back to the County Court for the reason assigned, the plaintiff will have an opportunity to amend or the defendant to demur to the declaration.

*Reversed and remanded.*