Gallay v. Mathis, 195 Ill. App. 170.

## Etha Gallay, Plaintiff in Error, v. August Mathis, Defendant in Error.

### Gen. No. 20,797.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded with directions. Opinion filed October 6, 1915. Rehearing denied October 15, 1915.

### Statement of the Case.

Suit by Etha Gallay against August Mathis to recover damages for personal injuries sustained as a result of being run down by an automobile owned and operated by the defendant. The statement of claim set forth a cause of action and subsequently the defendant filed his appearance in said cause by his attorney, and demanded a trial by jury. The following day, on motion of the defendant, an order was entered that the time within which to file an affidavit of merits in said cause be extended five days. Seven days later, judgment by default was entered against defendant because of his failure to file an affidavit of merits within the time allowed by the court. A jury was impaneled and sworn, who, after hearing the evidence and arguments of counsel, returned a verdict assessing plaintiff's damages in the sum of $1,000, upon which verdict the court entered judgment. The record further shows that on the hearing, defendant was neither present nor represented. More than sixty days after judgment was entered, a motion was made by the defendant, through his attorney, to vacate and set aside the said judgment, but this motion was denied by the court. Later, defendant filed a sworn petition praying that leave be given the defendant to, file an affidavit of merits instanter. Upon the hearing on this petition, both parties being represented, the court entered an order setting aside the judgment and granting defendant leave to file an affidavit of merits instanter. To procure

reversal of this order, this writ of error has been sued out.

JACOB LEVY, for plaintiff in error; JOSIAH BURNHAM, of counsel.

BRUNDAGE, LANDON & HOLT, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 19*—*when default judgment may be set aside.* Under section 21 of the Municipal Court Act (J. & A. ¶ 3333), when thirty days have elapsed after entry of a judgment, such court can obtain jurisdiction only by a motion to vacate the judgment upon proof of errors of fact not appearing of record, which would be in the nature of a writ of error *coram nobis* at common law, or by petition in the nature of a bill in equity showing equitable grounds for vacation of the judgment.

2. JUDGMENT, § 142*—*when affidavit insufficient to warrant setting aside of judgment.* An affidavit to set aside a judgment stating that neither defendant nor his attorney had notice that a default would be applied for, or that damages would be ordered, does not confer jurisdiction on a court of chancery to entertain a bill to vacate a judgment.

3. MUNICIPAL COURT OF CHICAGO, § 19*—*what is nature of proceeding to vacate default judgment.* A proceeding to vacate a judgment of the Municipal Court is in the nature of a bill in equity, and the facts essential to confer jurisdiction upon a court of chancery must be stated positively and are not sufficiently set forth where they are merely stated to be on information and belief.

4. APPEAL AND ERROR, § 716*—*what is effect of record as to facts shown.* A record of the Municipal Court showing affirmatively that no affidavit of merits was filed imports verity.

5. MUNICIPAL COURT OF CHICAGO, § 19*—*when court is without jurisdiction to vacate judgment.* Where a petition to vacate a default judgment does not account for the failure of defendant to file an affidavit of merits within the time allowed, and does not explain why a motion to vacate the judgment was not made within the statutory period of thirty days, the Municipal Court is without jurisdiction to enter an order vacating the judgment.

6. APPEAL AND ERROR, § 1083*—*when cross-errors cannot be considered on appeal.* Where a writ of error is directed to an order

vacating a default judgment, cross-errors as to error of the court in entering the original default cannot be considered, they being the proper subject-matter of a separate writ of error.

---

## Edward E. Betts, Appellee, v. Homer G. Tate, Appellant.

### Gen. No. 20,827.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. ISAAC HUDSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 6, 1915.

### Statement of the Case.

Action on the case for fraud and deceit alleged to have been practiced by Homer G. Tate, the defendant, upon Edward E. Betts, the plaintiff, in the purchase by defendant from plaintiff of certain real estate valued at $900, the fraud alleged being in inducing plaintiff to accept a note of one Dalbey for $364.25 as part payment of the purchase money for the real estate. On the trial below the jury found the defendant guilty and assessed the plaintiff's damages in the sum of $364.25 plus interest from the date of the note, May 3, 1912. Upon this verdict the court entered judgment against the defendant for the sum of $364.25 and costs, to reverse which the defendant has prosecuted this appeal.

CHARLES V. CLARK, for appellant.

E. L. GARY and A. J. DEUTSCHMANN, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1411*—*when verdict will be set aside on appeal.* In an action for fraud and deceit in the sale and purchase of real

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.