Etha Gallay, Defendant in Error, v. August Mathis,
Plaintiff in Error.

Gen. No. 22,077.

1. APPEAL AND ERROR, § 764*—*when record on former appeal filed
as additional record will be stricken from files.* The record in a
case on a former appeal which is filed as an additional record
will be stricken from the files by the court on its own motion,
as the court cannot look into the record of an independent pro-
ceeding to determine questions arising wholly on the record of
the judgment as to which writ of error is filed.

2. JURY, § 84*—*when swearing of to try issues in tort action
is not ground for reversal.* In a tort action where the defendant
was defaulted, the swearing of the jury "to try the issues" instead
of swearing them merely to assess damages, *held* not to be ground
for reversal.

3. APPEAL AND ERROR, § 1332*—*when presumed that notice of
default or of assessment of damages was given.* In a tort action
where the defendant was defaulted, and service of notice of the
default or of assessment of damages is not recited in the record,
it must be presumed that such notice was given, as such recita-
tion is not an essential part of the record.

4. APPEAL AND ERROR, § 788*—*when question of notice of default
or of assessment of damages is not presented for review.* The
question of notice of a defendant's default or of assessment of
damages in a tort action is not presented for review where the pro-
ceedings are not preserved in a bill of exceptions or otherwise.

Error to the Municipal Court of Chicago; the Hon. HENRY C.
BEITLER, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1916. Affirmed. Opinion filed March 20, 1917.

BRUNDAGE, LANDON & HOLT, for plaintiff in error.

JACOB LEVY, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion
of the court.

This writ of error brings for review a judgment en-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

tered in default of an affidavit of merits or defense. In addition to the statutory record thereof we allowed plaintiff in error to file herein the record in case No. 20,797, *Gallay v. Mathis,* 195 Ill. App. 170, where this court reviewed an order entered on a petition filed under section 21 of the Municipal Court Act (J. & A. ¶ 3333) to vacate the judgment here under review. It was held in that case that the matters here assigned as error could not be reviewed on cross errors under the writ of error in that case, and it is equally true that we cannot look into the record of those independent proceedings to determine the questions before us which arise wholly upon the record of said judgment; hence, the additional record will be stricken on our own motion.

The record of the judgment under review shows that the plaintiff in error was defaulted in a tort action for failure after his appearance to file within the time prescribed by order of court an affidavit of defense or merits and that two days later judgment for $1,000 was entered against him on an assessment of damages by a jury sworn "to try the issues." The errors assigned relate to the form of oath administered to the jury and to alleged failure to give notice either of taking default or of the assessment of damages.

It is true that the entry of default left no issues to be tried and that the jury should have been sworn merely to assess the damages. But we do not deem the informality of the oath as ground for reversal. While authorities are cited in *Elia v. Bavuso,* 187 Ill. App. 487, to sustain a different conclusion, the reasoning of the opinion in *Roberts v. Swearengen,* 1 Hard. (3 Ky.) 121, seems to us more sound. The court there said:

"But this case, standing upon a judgment by default and writ of inquiry, was an acknowledgment of the plaintiffs' right to recover something, so that it was not necessary that a jury should have been required to

do more than find the amount to which the plaintiffs were entitled; and that having been sworn to do more than ought to have been required of them, cannot vitiate that which they have properly done, and must as necessarily have done under the oath to try the issue, as the oath to inquire of damages.''

As to the question of notice, we do not think that it arises upon this record. If notice was required we think it would be presumed under the rule which requires us to indulge the presumption of regularity of procedure when there is nothing in the record to indicate the contrary. We cannot assume that notice was not given from the fact that service thereof is not recited in the record. A recitation thereof is not an essential part of the record. No proceedings are preserved in this record by a bill of exceptions or otherwise to indicate that service, if required, was not given, hence questions as to notice are not fairly before us for consideration. We find no reversal of error in the record.

*Affirmed.*