**American Surety Company of New York, Appellee, v. S. E. Bliss, Appellant.**

**Gen. No. 24,722.**

1. MUNICIPAL COURT OF CHICAGO, § 19*—*when court has no power to vacate judgment after expiration of 30 days.* Under section 21 of the Municipal Court Act (J. & A. ¶ 3333), providing that a judgment shall not be vacated after 30 days from the time of its entry, excepting on appeal, etc., or by a petition to said Municipal Court, such court had no power to vacate a judgment after the expiration of 30 days, where the petition, filed 4 months after its entry, alleged that after the suit had been continued 8 times, judgment was entered because plaintiff's counsel had not kept an agreement to the effect that defendant's counsel would not be required to pay any attention to the case until the sufficiency of an affidavit of merits to be filed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

had been passed on, and where the answer denied any such agreement.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*what petition to vacate judgment must show.* Where the motion to set aside a judgment, filed after the expiration of 30 days from the date of its entry, under section 21 of the Municipal Court Act (J. & A. ¶ 3333), is supported by the petition provided for in said section, it must be affirmatively shown in such petition that the judgment was not only inequitable and the result of fraud, accident or mistake, but also that the judgment was not due to any negligence on the part of the petitioner.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed June 16, 1919.

HERMAN FRANK, for appellant.

OLIVER B. OPSAHL, for appellee; HARRY A. NEWBY, of counsel.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

This is an appeal from an order of the Municipal Court denying a motion to vacate a judgment entered in that court in favor of the American Surety Company of New York for the sum of $383.25.

In the statement of claim filed by plaintiff it is alleged in substance that the defendant, S. E. Bliss, had agreed to indemnify plaintiff from, among other things, all damages, costs and expenses paid or incurred by plaintiff as the result of its becoming surety on an appeal bond given by defendant on an appeal by him to the Supreme Court of Colorado from a decree entered in the Eleventh Judicial District, Freemont county, Colorado.

It is further alleged that a suit was begun against plaintiff on the appeal bond and that it was required in defending said suit to pay for legal services the sum of $365. The defendant being in default, judg-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment was entered against him in the Municipal Court on October 3, 1917. On February 6, 1918, he moved to vacate this judgment. The motion to vacate the judgment was denied on May 3, 1918.

The judgment entered against the defendant must be affirmed. The Municipal Court had no jurisdiction to vacate the judgment. No motion was made, as required by the statute, to set aside or vacate the judgment within 30 days of the date of its entry. Section 21 of the Municipal Court Act (J. & A. ¶ 3333) in part is as follows:

"If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within 30 days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified, excepting on appeal or writ of error, or by a bill in equity, or by a petition to said Municipal Court, setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity: *Provided, however,* that all errors in fact in the proceedings in such case, which might have been corrected at common law by the writ of error *coram nobis* may be corrected by motion, or the judgment may be set aside, in the manner provided by law for similar cases in the Circuit Court."

The Municipal Court had power to vacate its judgment after the expiration of 30 days only upon proof of errors of fact not appearing of record—which would be in the nature of a writ of error *coram nobis* at common law—or by petition showing equitable grounds for a vacation of the judgment.

The petition filed by the defendant to vacate the judgment charges, among other things, that after suit was begun it was continued by agreement of counsel eight times and that the judgment entered in the cause was due to the fact that plaintiff's counsel had not kept an alleged oral agreement entered into with de-

fendant's counsel to the effect that defendant's counsel would not be required to pay any attention to the case "if it should be reached on the trial call" and until a proposed amended affidavit of merits should be filed and its sufficiency passed upon by the trial court. In an answer filed to the petition, counsel for plaintiff directly denies that any agreement of the sort charged was entered into as alleged in the petition.

It is well-settled law that a judgment in a court of law will not be set aside after the time fixed by statute for so doing unless it appears not only that the judgment debtor has a good and meritorious defense, but that the judgment was in no manner caused by any lack of diligence on his part; and this is so even where it affirmatively appears, as we do not think it does here, that the judgment against the defendant is unjust and inequitable. Where the motion to set aside a judgment is supported by a petition, it must be affirmatively shown therein that the judgment was not only inequitable and the result of fraud, accident or mistake, but also that the judgment was not due to any negligence on the part of the petitioner.

In the case of *Clark v. Ewing,* 93 Ill. 572, it was held that a judgment would not be vacated unless it appeared that the judgment was the result of fraud, mistake, accident or surprise, and was entered without laches or negligence on the part of the judgment debtor. Judgments will not usually be set aside upon charges of broken oral agreements, long after the expiration of the period of time for so doing specified in the statute, where such charges are directly denied and where it is apparent that the rights of one complaining thereof might easily have been protected by a written stipulation of counsel.

In *Gallay v. Mathis,* 195 Ill. App. 170, it was held that a proceeding to vacate a judgment in the Municipal Court is in the nature of a bill of equity.

"It is well settled that equity will not interfere with the enforcement of a judgment at law, unless the judgment debtor could not have availed himself of his defense at law, or was prevented from so doing by the fraud of the opposite party, or by accident or mistake unmixed with fault or negligence on his own part. See 12 Amer. & Eng. Ency. of Law 145, cases cited in note 5." *Bardonski v. Bardonski*, 144 Ill. 284.

The trial court refused to admit evidence on the motion to vacate the judgment on the ground that neither the amended affidavit of defense filed in the cause nor the petition to vacate the judgment set forth a sufficient defense to the plaintiff's statement of claim. We do not believe this ruling of the trial judge to be erroneous, but whatever reason may have prompted him to deny the motion it was properly denied, for the reason that the petition shows on its face that the defendant was negligent in failing to watch the cause and to be present in court when it was reached for trial and in failing to take any steps to vacate the judgment for at least four terms after its entry.

The order of the Municipal Court will be affirmed.

*Affirmed.*