Emery Gottschall for use of Joseph T. Delfosse,
Plaintiff in Error, v. Kimbark State Bank, Gar-
nishee, Defendant in Error.

Gen. No. 26,337.

JUDGMENT, § 150*—*when judgment will be vacated.* Where gar-
nishment proceedings had been partially heard before a judge and a
complete defense established by the garnishee, and thereafter, with-
out notice to the garnishee, the cause was called by counsel for the
garnisher before another judge, without any disclosure to the court
of the previous proceedings, and judgment against the absent gar-
nishee was entered, such judgment was inequitable and the result
of fraud and not due. to any negligence of the garnishee; and for
such a case the Municipal Court Act, sec. 21 (J. & A. ¶ 3333), giv-
ing the municipal court jurisdiction to vacate a judgment 30 days
after its entry, when it appears that the judgment is inequitable
or the result of fraud, accident or mistake not due to the negli-
gence of the petitioner, supplies relief.

Error to the Municipal Court of Chicago; the Hon. CHARLES F.
McKINLEY, Judge, presiding. Heard in this court at the October
term, 1920. Affirmed. Opinion filed February 19, 1921.

GEORGE L. SCHEIN, for plaintiff in error; FRANCIS
L. BRINKMAN and SAMUEL SCHEIN, of counsel.

NOVAK & NOVAK, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion
of the court.

This is a garnishee proceeding. There was a par-
tial hearing before Judge Richardson of the municipal
court, where it appeared that the plaintiff's account
with the garnishee bank was overdrawn to the amount
of $19.12; that the plaintiff, Emery Gottschall, was
indebted to the bank in that sum, and that defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

was not indebted to Gottschall on any account whatever.

There was granted an application for a continuance by the usee, Delfosse, for the purpose of procuring other proofs. Several continuances were thereafter had, when the trial judge was transferred to another branch of the municipal court. Thereafter, without notice to the garnishee or its counsel, the cause was called by the counsel of Delfosse for trial before Judge McKinley without any disclosure to the court of the previous proceedings, and in the absence of the garnishee bank judgment was entered against it in the sum of $1,121.65. Thirty days elapsed between the rendition of the judgment and its discovery by the garnishee or its counsel, and a petition was filed by it under section 21 of the Municipal Court Act (J. & A. ¶ 3333) to vacate and set aside the judgment and to permit the garnishee to present its defense. The prayer of the petition was granted and the surreptitiously acquired judgment vacated, and plaintiff brings the cause here for review on writ of error.

The facts above recited were made to appear by a petition duly verified. The facts therein stated were not controverted and therefore, for the purpose of the motion, stand admitted.

The only relief open to defendant was that provided by section 21 of the Municipal Court Act, *supra*. While counsel for plaintiff in a measure do not dispute this proposition, they insist that defendant has not brought itself within its provisions. In the cases cited in support of such contention there was present the element of negligence of the moving party, which element is entirely absent in the instant case. Section 21, *supra,* gives the municipal court jurisdiction to vacate a judgment 30 days after its entry when it appears from the petition that the judgment is inequitable or the result of fraud, accident or mistake not chargeable to the negligence of the petitioner.

After the case had been partially heard before Judge Richardson and a complete defense established, it was a fraud upon the court in the person of Judge McKinley to proceed to try the case as if it were the initiatory trial, keeping from the knowledge of Judge McKinley the fact that a partial trial had theretofore been had before Judge Richardson. Judge McKinley proceeded with the trial in ignorance of the fact regarding the former partial hearing. This was done without giving defendant an opportunity to be present and protect its interests and without any notice to it of the proceeding. It is patent that if Judge McKinley had known of the prior hearing before Judge Richardson and what defendant had established at that hearing, he would not have further proceeded without notice to defendant. It was a fraud on the court to proceed to trial without making the court acquainted with the prior hearing. Such fraud resulted in plaintiff obtaining a judgment against defendant for $1,121.65, when the proof before Judge Richardson showed that the account of Emery Gottschall with the defendant garnishee had been overdrawn to the amount of $19.12. This was, to say the least, grossly inequitable and in that regard section 21, *supra,* supplies a corrective.

We think this case comes clearly within the ruling of this court in *American Surety Co. of New York v. Bliss,* 214 Ill. App. 463, in which it was held that it must affirmatively appear from the petition to vacate the judgment that such judgment was not only inequitable and the result of fraud, accident or mistake, but also that the judgment was not due to any negligence on the part of the petitioner. These requirements the petition in the instant case fully meets. The inequitable judgment in the record before us is not the result of any laches or negligence attributable to defendant. *Gallay v. Mathis,* 195 Ill. App. 170.

For the foregoing reasons the order of the munic-

ipal court vacating the judgment for $1,121.65 entered September 23, 1918, is affirmed.

*Affirmed.*

DEVER and McSURELY, JJ., concur.