## Bertha M. Doyle, Appellant, v. Samuel Fallows et al., Appellees.

### Gen. No. 22,628.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed June 11, 1917.

### Statement of the Case.

Action in the Municipal Court of Chicago by Bertha M. Doyle, plaintiff against Samuel Fallows, Mary Fitzbutler Waring, A. J. Carey and R. R. Jackson, defendants, to recover for services as stenographer and secretary of the Illinois Commission of Lincoln Jubilee and Half-Century Anniversary Exposition, of. which defendants were commissioners, and for money advanced. From an order vacating a judgment by default nearly five months after its entry, plaintiff appeals.

D. K. COCHRANE, for appellant.

JOHN DAILEY, RICHARD J. COONEY and JOHN A. VER-HOEVEN, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 19*—*what is error of law not warranting setting aside of judgment by default on petition.* The rendition of a judgment in the Municipal Court of Chicago by default against the members of an exposition commission individually instead of in their capacity as commissioners is an error of law which cannot be taken advantage of by a petition to vacate the judgment, under section 21 of the Municipal Court Act (J. & A.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

¶ 3333), after thirty days from the date of the rendition of the judgment.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*what is sufficient excuse for failure to appear to warrant setting aside of judgment by default on petition.* Where the defendants in an action in the Municipal Court of Chicago are personally served with summons in the cause, the mere fact that plaintiff's husband had also sued the defendants on the same day that she brought suit against them, and the failure to appear in the action brought by plaintiff may have been caused by confusion resulting from the similarity in names, is not sufficient excuse for the failure of defendants to appear and contest the claim of plaintiff upon the merits so as to warrant the setting aside of a judgment by default on petition more than thirty days after the rendition of the judgment, under section 21 of the Municipal Court Act (J. & A. ¶ 3333).

3. MUNICIPAL COURT OF CHICAGO, § 19*—*what is effect of petition to set aside judgment by default.* A petition in the Municipal Court of Chicago to set aside and vacate a judgment after thirty days is, in effect, the beginning of a new suit.

4. MUNICIPAL COURT OF CHICAGO, § 19*—*when judgment by default may not be vacated.* The trial judge in the Municipal Court of Chicago has no jurisdiction to vacate a judgment by default after thirty days for an error which appears on the face of the record.

5. MUNICIPAL COURT OF CHICAGO, § 19*—*what is not error of fact which may be corrected on motion to vacate judgment by default.* The error of fact which can be corrected by a judge of the Municipal Court of Chicago, on a motion to vacate a judgment by default, after the expiration of thirty days, under section 89 of the Practice Act (J. & A. ¶ 8626), must relate to a fact which is unknown to the court, and which, if known, would have precluded the entry of the judgment, and does not include the fact that through a confusion of names of plaintiffs in two different actions who had sued defendants on the same day they had neglected to file their appearance in the action by plaintiff begun against them.

6. MUNICIPAL COURT OF CHICAGO, § 19*—*what is nature of proceeding to vacate judgment by default.* A proceeding in the Municipal Court of Chicago by petition to vacate a judgment by default is in the nature of a bill in equity.

7. JUDGMENT, § 306*—*when equity will not interfere with enforcement of judgment at law.* Equity will not interfere with the enforcement of a judgment at law, unless the judgment debtor could not have availed himself of his defense at law, or was prevented from so doing by the fraud of the opposite party, or by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

accident or mistake unmixed with fault or negligence on his own part.

8. MUNICIPAL COURT OF CHICAGO, § 24*—*when writ of error only remedy for review of judgment.* A writ of error is the only method for the review of the alleged variance in the entry of a judgment by default in the Municipal Court of Chicago against defendants *in personam* instead of in their official capacity, with limitation to funds lawfully in their hands as such officials.