Malcolm Imbrie et al., trading as Imbrie & Cheney Steel Company, Plaintiffs in Error, v. Alvin L. Bear, trading as Bear Steel & Wire Company, Defendant in Error.

## Gen. No. 28,316.

1. JUDGMENTS—*negligence of defendant's attorney resulting in entry of judgment not grounds for vacating judgment.* No grounds for the vacation of a judgment entered against defendant in error on his failure to be present when the case was called for trial are alleged in a petition based upon Municipal Court Act, sec. 21, Cahill's Ill. St. ch. 37, ¶ 409, authorizing that court to vacate its own judgments upon grounds that would be sufficient in equity, where it is alleged in substance that defendant's failure to be present was due to the negligence of his attorney, which is assigned as fraud, and that plaintiffs practiced fraud on the court by obtaining a judgment for a greater sum than their actual damages, and sets up the defense pleaded in the affidavit of defense and alleges that if defendant had been present he would have established the facts as alleged therein.

2. JUDGMENTS—*what constitutes fraud authorizing vacation of judgment.* The fact that plaintiffs obtained a judgment against defendant, on his failure to appear and defend when the case was called for trial because of the neglect of his attorney, for an amount greater than was due through overstating or misstating the facts of the amount of their claim does not constitute fraud authorizing the vacation of the judgment on equitable grounds, since the fraud cognizable in equity is such as goes to the procurement of the judgment and not to the matter on which it was rendered.

3. JUDGMENTS—*vacating without hearing.* Municipal Court Act, sec. 21, Cahill's Ill. St. ch. 37, ¶ 409, authorizing the municipal court to vacate its own judgments upon grounds that would be sufficient to cause the vacation of the judgment in equity, contemplates such action only after a hearing; and it was error for that court, upon the filing of a petition for vacation of a judgment against the petitioner on the grounds of fraud, to strike an answer to such petition from the files on the theory that the court was bound to take the averments of the petition as true and vacate the judgment creditor without a hearing.

4. APPEAL AND ERROR—*finality of order of municipal court vacating its own judgment.* An order of the municipal court vacating its own judgment under Municipal Court Act, sec. 21, Cahill's Ill.

St. ch. 37, ¶ 409, authorizing such action where equitable grounds therefor are shown, is a final and appealable order, since the filing of a petition to vacate initiates a new proceeding.

Error by plaintiffs to the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1923. Reversed and remanded. Opinion filed June 26, 1923. Rehearing denied July 7, 1923.

Binkley & Mooney, for plaintiffs in error.

William C. Greatman, for defendant in error.

Mr. Justice Barnes delivered the opinion of the court.

This writ of error brings up for review an order of the municipal court of Chicago vacating a judgment against defendant in error.

The judgment was entered for plaintiffs in a suit to recover for goods sold and delivered. Defendant appeared by attorney and filed his affidavit of defense. On call of the case for trial, May 25, 1922, defendant was not present and judgment was entered against him. Up to that time no irregularity in the proceedings appears or is claimed, and no motion to vacate or set aside or modify the judgment was made within thirty days after its entry. On August 26, 1922, defendant filed a petition to vacate the same, and the order of vacation was entered September 12, 1922.

The petition purports to rest upon that part of section 21 of the Municipal Court Act [Cahill's Ill. St. ch. 37, ¶ 409] which confers upon that court the power to vacate its own judgments upon grounds that would be sufficient to cause the same to be vacated by a bill in equity, and charges fraud as the ground for equitable relief. As grounds of fraud it charges "that plaintiffs have endeavored to practice a fraud upon the court * * * in obtaining a judgment in a sum far greater

Imbrie v. Bear, 230 Ill. App. 155.

than actual damages  *  *  *  and are endeavoring to perpetuate that fraud in seeking to enforce the judgment.'' It also charges that defendant's attorney practiced a fraud upon him because he refused to render him assistance in the proceeding to set aside the judgment. The petition also sets up that defendant's attorney did not appear at the trial because he was moving his office during the month the case was called, and in doing so lost or misplaced his private calendars and files, and without them had no recollection of the case or paper referring to it, and as a result did not watch the case.

Disregarding petitioner's conclusions of law and immaterial averments, it is enough to say that the petition shows no ground on which a court of equity would vacate a judgment. In fact, it is perfectly apparent upon its face that the judgment was entered because of the failure of defendant or his attorney to appear and make a defense when in the regular course of procedure the case was called for trial, and that such failure was due to the negligence of his attorney. It is well settled that relief will be barred where the applicant has been guilty of negligence, and that an agent's or attorney's neglect or want of diligence is binding on the principal. (*Simon v. Hengels,* 107 Ill. App. 174; *Foster v. Weber,* 110 Ill. App. 5; *Eggleston v. Royal Trust Co.,* 205 Ill. 170; *Staunton Coal Co. v. Menk,* 197 Ill. 369.)

But were the same grounds set forth in a bill of equity to vacate a judgment it would be demurrable. No facts constituting a fraud, accident or mistake are stated. The petition merely sets up in effect substantially the defense defendant pleaded, and that had he been present the facts would have been shown as he pleaded and not as plaintiffs pleaded them, and that he would have been present but for the neglect of his attorney.

Even if plaintiffs overstated or misstated the facts of the amount of their claim, that would not constitute a fraud that would authorize a court of equity to vacate a judgment. The fraud charged in such a case must go to the procurement of the judgment and not to the matter on which it was rendered. (*Lancaster v. Springer,* 126 Ill. App. 140; Freeman on Judgments, sec. 489.) Even false testimony at the trial as to the amount of the claim is not ground for setting aside a judgment (*Kretschmar v. Ruprecht,* 230 Ill. 492), and much less do incorrect averments of fact in a pleading on which issue was taken constitute such a ground. In setting aside a judgment on the ground of fraud it must be clearly shown, and negligence in failing to defend an action at law bars equitable relief. (*Evans v. Woodsworth,* 213 Ill. 404.) Hence, had there been a motion to strike the petition for failure to set forth ground for equitable interference, it should have been granted.

Instead of making such a motion plaintiffs filed an answer to the petition, which the court struck on the theory that it was bound to take the averments of the petition as true, and that plaintiffs were not entitled to a hearing thereon.

Section 21 of the Municipal Court Act [Cahill's Ill. St. ch. 37, ¶ 409] manifestly contemplates conferring on such court only such power as a court of equity could exercise in a similar case under analogous proceedings, at least so far as they afford an opportunity for the formation of issues and a hearing thereon. It is an independent proceeding in the nature of a new suit, and not a mere incident to the original suit. The proceedings, therefore, in the absence of any specific statutory direction, should be appropriate to the relief sought (23 Cyc. pp. 947, 948), which require a hearing as to the existence of the grounds on which the relief is invoked. Judgments would stand upon a very insecure foundation if they could be set aside

at any time on the mere filing of a petition regardless of the truth of its averments. But the statute manifestly contemplated in conferring such equitable power that it would not be exercised without an opportunity, as afforded in equity, for a hearing as to the existence of the grounds upon which it is invoked.

The contention of defendant in error that the order is not final and, therefore, not appealable, is untenable, if, as this court has held, the petition initiates a new proceeding analogous to a proceeding in equity for such purpose. (See abstract and opinions in *Doyle v. Fallows,* 207 Ill. App. 5; *Gallay v. Mathis,* 195 Ill. App. 170.)

The court, therefore, erred in striking the answer to the petition and entering an order vacating the judgment without a hearing on the issues. Accordingly the order will be reversed and the cause remanded for a final disposition not inconsistent with the views herein expressed.

*Reversed and remanded.*

GRIDLEY, P. J., and FITCH, J., concur.