M. Louise Craig for use of James Nelson, Appellee,
v. Chicago Trust Company (Garnishee), Appellant.

## Gen. No. 28,786.

1. MUNICIPAL COURTS—*striking of garnishee's answer without notice as error.* The striking of the answer of a garnishee on the return day of the writ at which time the case was not called for trial nor upon the trial call, without notice of the motion to strike, was contrary to Rule 34 of the Municipal Court and constituted error.

2. MUNICIPAL COURTS—*sufficiency of petition to vacate judgment.* Where no notice of the motion to strike the answer of a garnishee defendant was given and the garnishee had no notice of the rule entered nor of the order of judgment until the service upon it of a writ of execution, it was not necessary to allege in a petition to vacate the judgment that petitioner was not negligent and it would be inequitable to hold that the garnishee was negligent because he did not find out earlier what had transpired.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ALFAR M. EBERHARDT, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Reversed. Opinion filed February 11, 1925.

DEFREES, BUCKINGHAM & EATON, for appellant; DON KENNETH JONES and VINCENT O'BRIEN, of counsel.

CLARENCE A. SAMUEL, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On February 2, 1923, in the municipal court, the plaintiff, James Nelson, had judgment entered by confession, on a note against the defendant, M. Louise Craig, in the sum of $545 and costs. On February 5, 1923, an execution was issued, which, on February 7, 1923, was returned, the return reciting that the defendant was not found, nor any property on which to levy the writ, and that the writ was returned "No

property found and no part satisfied.'' On the day of the return, an affidavit for garnishment was filed, and a summons issued against the appellant, Chicago Trust Company, a corporation, as garnishee. It was returnable on February 16, 1923, the garnishee to answer unto M. Louise Craig for use of the plaintiff, James Nelson, as to the rights, credits, effects, etc., in its hands belonging to her. On February 13, 1923, the garnishee filed its answer, stating, under oath of its cashier, that "on February 8, 1923, at 11:40 a. m. (the date of the garnishee summons), the Chicago Trust Company had no money, property, choses in action, credits or effects belonging to the said M. Louise Craig in any checking or savings account either deposited by her or by the C. O. Shepherd Service or Shepherd Service.''

On February 16, 1923, an order was entered by the court striking the answer from the files, and ruling the garnishee to file an additional answer in five days. On February 23, 1923, judgment was entered against the garnishee, for failure to file an answer, in the sum of $545.05, and execution ordered. An execution was issued on March 30, 1923, and on June 28, 1923, it was returned by the bailiff.

On April 14, 1923, more than thirty days after February 23, 1923, an order was entered granting leave to the garnishee to file instanter its motion and petition to vacate said judgment, and granting leave to James Nelson to demur *ore tenus*. The motion to vacate was continued to May 5, and then to May 19, 1923; and on the latter date the motion to vacate the judgment of February 23 was denied, and the demurrer to the petition was sustained, and the petition dismissed. This appeal is therefrom.

It is contended for the garnishee that the court erred in striking its answer without notice of the motion to strike. The record shows that the case was not called for trial at the time the motion was made,

nor was it upon the trial call. The motion was actually made on February 16, 1923, which was the return day of the writ; but the return day calls are not trial calls. The purpose of a return day call is for appearances, defaults, and other similar purposes. In the absence of defaults, cases are then set for trial upon such dates as are selected by the court. That is all done according to the provisions of Rule 3 of the Municipal Court.

As it is not shown, therefore, that this cause was at the time of the striking of the answer either on the trial call or called for trial, Rule 34 of the Municipal Court applies. That rule requires that "Notice of all motions * * * must be served * * * except," etc., and this case does not fall within the exception. The contention, therefore, is good.

Does the error of striking the answer, for want of notice, considered in conjunction with the facts in the garnishee's petition, show that the trial judge should have vacated the judgment of February 23, 1923? Section 21 of the Municipal Court Act (Cahill's Rev. St. ch. 37) provides that such a judgment, upon petition, shall not be vacated after thirty days, unless the petition sets "forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, * * * by a bill in equity." The petition recites that the garnishee did not have any notice of the motion of February 16 to strike its answer, nor of the rule entered upon it, nor of the order of judgment entered February 23, until the service upon it, on April 5, of a writ of execution dated March 29. It also recites that the garnishee is not indebted, and that the orders were entered by mistake of fact, in that nothing was due; "that said conduct of said plaintiff in so failing to give any notice of said proceedings, and in so deferring issuance and service of execution, is inequitable, unconscionable and fraudulent." It is claimed by the

plaintiff that the petition on its face shows negligence. With that we do not agree. Ignorance is not necessarily negligence. The garnishee shows by its petition, which was demurred to, that it "was not given and did not have any notice of any kind of said motion of plaintiff so made as aforesaid on February 16, 1923, to strike its said answer as garnishee, or of any rule at said time entered upon it, nor of said order and judgment * * * entered February 23, 1923, until the service upon it on April 5, 1923, of a writ of execution dated March 29, 1923." It is not necessary, in addition to those allegations of fact, to allege that it was not negligent. If it failed to act because the plaintiff omitted to give the notice the law required, then the breach of duty was that of the plaintiff alone, and it would seem to be inequitable to hold that the garnishee was negligent because he did not find out earlier what had transpired. The proper continuity of proceedings in court is generally dependent upon certain required notices being given or served, and where that fails, the one that should give, and not the one that should receive, is in default and may receive no advantage thereby. We think the petition shows equitable grounds for vacation of the judgment. The judgment will be reversed.

*Reversed.*

O'CONNOR, P. J., and THOMSON, J., concur.