Michael Izzi, Plaintiff in Error, v. Donato Ialongo and Vincenza Ialongo, Defendants in Error.

Gen. No. 31,682.

Opinion filed February 27, 1928.

ALBERTO N. GUALANO, for plaintiff in error; CLAR-
ENCE T. MORSE, of counsel.

SCHNACKENBERG & HANSEN, for defendants in error;
ELMER J. SCHNACKENBERG, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opin-
ion of the court.

The record which this writ of error requires us to
review shows that plaintiff, Michael Izzi, on Novem-
ber 26, 1924, brought an action of the first class in the
municipal court and filed a statement of claim, verified
by an affidavit, which alleged that defendants were in-
debted to him for money loaned and interest thereon
of the amount of $3,910; that the summons issued was
returnable on December 8, 1924, and defendants were
served on December 1, 1924; that on December 9th
their appearance was entered by Elmer J. Schnacken-
berg, their attorney, with a request for 20 days in
which to file an affidavit of merits; that upon Decem-
ber 15, 1924, an affidavit of merits was filed, claiming
a defense to the whole demand and specifically alleg-
ing that plaintiff had never loaned any money to the
defendants, jointly or severally, except the sum of $150
loaned to the defendant Donato Ialongo, which was re-
paid on or about June 26, 1924; that on November 18,
1925, the defendants being absent and not represented,
the cause came on for trial before the court, and that

the court, after hearing the evidence, found the issues against the defendants, assessed plaintiff's damages at the sum of $4,168.70 and entered judgment upon the finding.

June 30, 1926, leave was given defendants to file a petition to vacate the judgment, and upon the same being filed the judgment of November 18, 1925, was vacated and the cause reinstated and set for trial September 16, 1926. From this order an appeal was prayed by the plaintiff, which was granted upon filing a bond in 30 days, and plaintiff was further given 60 days in which to file a bill of exceptions. Neither the bond nor the bill of exceptions was filed. Upon July 23, 1926, an motion of plaintiff, it was ordered that that part of the order of June 30, 1926, vacating the judgment be vacated and set aside and that leave be given plaintiff to file an answer to defendants' petition instanter, and a hearing upon said petition was had in open court. The petition was sustained and the judgment of November 15, 1925, vacated and set aside, the cause reinstated and set for trial September 16, 1926. From this order the plaintiff prayed an appeal to the Appellate Court, which was allowed, and it was also ordered that 60 days be allowed in which to file a bill of exceptions. November 16, 1926, the cause came on in regular course for trial, and the plaintiff not appearing it was dismissed for want of prosecution and judgment for costs entered against the plaintiff.

The contention of the plaintiff is that the court erred in granting the prayer of the petition and setting aside the judgment. The proceeding was brought under section 21 of the Municipal Court Act (Cahill's St. ch. 37, ¶ 409; Smith-Hurd's Ill. Rev. St. 1927; ch. 37, § 376) which in substance provides that 30 days after the rendition of the same, judgments of the municipal court of Chicago "shall not be vacated, set aside or modified excepting upon appeal or writ of error, or by a bill in equity, or by a petition to said

municipal court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity."

Construing this section in *Imbrie v. Bear,* 230 Ill. App. 155, this court said that the section "manifestly contemplates conferring on such court only such power as a court of equity could exercise in a similar case under analagous proceedings, at least so far as they afford an opportunity for the formation of issues and a hearing thereon. It is an independent proceeding in the nature of a new suit, and not a mere incident to the original suit. The proceedings, therefore, in the absence of any specific statutory direction, should be appropriate to the relief sought (23 Cyc. pp. 947, 948), which require a hearing as to the existence of the grounds on which the relief is invoked. Judgments would stand upon a very insecure foundation if they could be set aside at any time on the mere filing of a petition regardless of the truth of its averments. But the statute manifestly contemplated in conferring such equitable power that it would not be exercised without an opportunity, as afforded in equity, for a hearing as to the existence of the grounds upon which it is invoked."

This construction of the statute means that after the expiration of 30 days judgments of the municipal court may be set aside only by a proceeding essentially similar to proceedings to set aside judgments in courts of equity. The rule in equity, as settled by all the cases, is that a diligent defendant who, without negligence or fraud on his part, has been prevented by accident or mistake from presenting a good and meritorious defense to a cause of action may have the judgment entered against him set aside upon making proper application to a court of equity. A few of the many authorities that may be cited to this point are *Owens v. Ranstead,* 22 Ill. 161; *How v. Mortell,* 28 Ill.

478; *Bardonski v. Bardonski,* 144 Ill. 284; *Finlen v. Skelly,* 310 Ill. 170; *Gottschall for use of Delfosse v. Kimbark State Bank,* 220 Ill. App. 473; *Craig for use of Nelson v. Chicago Trust Co.,* 236 Ill. App. 223.

The petition of the defendants averred the beginning of the suit, the issuance of summons, their retainer of a duly licensed attorney to defend, their appearance in the cause by the said attorney, and the filing of an affidavit of merits setting up a defense to the whole of plaintiff's cause of action, stating that the statement of claim set forth that defendants were indebted for moneys lent, while defendants by their affidavit of merits denied that they had ever borrowed any moneys from the plaintiff jointly, but that the plaintiff had lent to the defendant Donato Ialongo $150 which defendant Donato Ialongo repaid to the plaintiff June 25, 1924. They further averred that the defendant Vincenza Ialongo never borrowed any money from the plaintiff either severally or jointly with anybody else, and that the defendant Donato Ialongo never borrowed any money from the plaintiff except the sole sum of $150, which he repaid to the plaintiff June 25, 1924, by a bank check, which bank check was cashed by the plaintiff and was collected by the plaintiff through the bank upon which it was drawn, and which bank check was in the possession of the defendants ready to be produced in court.

The petition further averred that the cause was set for trial March 26, 1925, but that on that date by agreement of all the parties the cause was postponed generally by the court; that thereafter no notice for the setting of the case for trial was ever served upon the petitioners or their attorney of record; that September 10, 1925, their attorney, Elmer J. Schnackenberg, visited the office of the clerk of the municipal court of Chicago and inquired of the deputy clerk at the information window if there was a calendar of cases which would include the cause which had been con-

tinued generally on March 26, 1925; that the deputy clerk directed Elmer J. Schnackenberg to another deputy clerk as the person having charge of such a calendar; that Schnackenberg requested this deputy clerk to show him the calendar of cases including first-class cases postponed generally on March 26, 1925; that thereupon the deputy clerk handed to Schnackenberg a large number of sheets of typewritten paper joined together and stated that that was the calendar which would contain the case; that the calendar consisted of upwards of 15 typewritten sheets containing a large number of titles of cases and numbers thereof; that Schnackenberg carefully scrutinized the entire list of cases but that said case was not on the calendar; that Schnackenberg thereupon called the deputy clerk's attention to the omission, and the deputy clerk stated that the only way to have the case heard would be to serve notice upon opposing counsel, unless it was desired to wait until the next typewritten calendar of first-class nonjury cases was made up for the next year.

The petition also averred that there was no printed calendar made up containing the case subsequent to March 26, 1925, and that said case never appeared upon a printed calendar in the court; that on June 26, 1926, the petitioners were for the first time acquainted with the fact that said case was called in the court on September 15, 1925, and set for trial on November 15, 1925, and that upon that date there was a trial *ex parte* resulting in a finding of the issues against the petitioners and judgment was entered for $4,168.70. The petition averred that petitioners were not present, had no notice of the trial of said cause until June 26, 1926; that about January 22, 1926, a deputy bailiff left a paper with the petitioners; that the petitioners are Italian and unable to read English; that they asked the deputy bailiff if they were required by the paper to go to court and he told them they were not; that

on June 26, 1926, they delivered the paper of Schnackenberg, their attorney, who informed them that it was an execution on a judgment entered as aforesaid. The petitioners further averred that they had a good and meritorious defense; that they had used due diligence at all times in the defense of said case; that the judgment against them was unjust and inequitable.

The plaintiff answered, stating that he "denied that said defendants have a good and meritorious defense to the whole of plaintiff's action, as set forth," admitting the continuance of the cause generally on March 26, 1925, but averring that the cause did appear on the calendar made out by the clerk of the municipal court of Chicago in September, 1925; that the cause appeared also in the "Daily Municipal Court Record," a secular newspaper of general circulation, published by the Law Bulletin Publishing Company, in various issues thereof, for various days prior to November 18, 1925; that on that date it was called for trial; that no one answered for the defendants; that about noon of that same day the cause was again called for trial before Judge McKinley; that no one appeared for the defendants, whereupon plaintiff proved his case by three witnesses and judgment was entered; that on January 18, 1926, plaintiff caused an execution to be issued and it was served on the defendants on January 22, 1926.

The answer denied that the defendants were unable to read English, and in particular stated that Donato Ialongo was a contractor by trade, well able to take care of his business in complicated and large transactions.

The court heard evidence offered in behalf of the respective parties, and on July 23, 1926, finding the facts set forth in defendants' petition to be true, ordered that the judgment entered on November 18, 1925, be set aside and the cause set for trial on September 16, 1926.

The plaintiff has argued here quite at length that the material averments of the petition were not proved by a preponderance of the evidence, but that is not the rule to be applied in considering this record. The judge who saw and heard the witnesses has found the facts to be as stated by the petitioners, and that fact is binding upon a court of review unless it is made to appear that the finding is manifestly wrong. We have carefully read the evidence and are satisfied that the attorney for the defendants acted in good faith and that he made an examination of the calendar at the office of the clerk of the municipal court, and that such examination did not disclose that the case was on that calendar. He was diligent, not negligent, and whether a mistake was made by the clerk or by the attorney, we think that equitably the judgment ought not to stand provided the defendants have a meritorious defense. This feature of the case presents a more difficult question.

In support of the allegation of a meritorious defense, the petitioners offered the affidavit of merits which had been filed by defendants in the suit at law, and it was received without objection, the attorney for the plaintiff, however, refusing to admit, as requested, that it would make a prima facie showing that defendants had a meritorious defense. The plaintiff argues that this pleading was not competent evidence, being in the nature of an *ex parte* affidavit, citing *Bressler v. McCune,* 56 Ill. 475; *Atkinson v. Linden Steel Co.,* 138 Ill. 187; *Quinn v. Rawson,* 5 Ill. App. 130. The petitioners did not ask that the judgment entered be permanently enjoined as was the case in *Hussey v. Gourley,* 153 Ill. App. 501; *Cadillac Automobile Co. v. Boynton,* 240 Ill. 171, on both of which cases appellant relies. The petitioners do not ask that the merits of the case be finally determined. That issue awaits the result of the trial at law. The theory of their petition is that the defendants, without negligence on their

part, were by inadvertence and mistake deprived of their right to have the issues tried under the law. In support of their petition they showed (properly, we think) that they had filed an affidavit of merits which set up a good and meritorious defense. If they had asked that the cause be finally determined in their favor, it would have then been necessary to have introduced most positive and convincing evidence that the judgment entered was unconscionable and should not be permitted to stand. They did not ask this. They asked only for an opportunity to present their defense. We think this case is clearly distinguishable from the cases upon which plaintiff relies in this respect. Again, the petition not only set up that the defendants had a meritorious defense, but stated specifically the facts which, if true, would in law constitute a complete and meritorious defense. The answer denies the general statement that the defense is meritorious, but it does not deny the facts averred which would constitute such defense. Those facts were also peculiarly within the knowledge of the respondents. Moreover, the testimony of the attorney for respondents shows that the evidence offered on the *ex parte* hearing consisted of alleged admissions which under the circumstances here appearing seem very improbable.

The order is therefore affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.