Joseph Welley, Trading as International Printing & Publishing Company, Plaintiff in Error, v. Julius Klein, Defendant in Error.

**Gen. No. 33,983.**

Opinion filed April 28, 1930.

FRED W. KRAFT and MILTON D. FRIFELD, for plaintiff in error.

SLOTTOW & LEVITON, for defendant in error; BERNARD ALLEN FRIED, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error Joseph Welley seeks to reverse an order of the municipal court vacating and setting aside a judgment entered in his favor and against the defendant.

The record discloses that on May 24, 1928, plaintiff brought suit against the defendant to recover a claimed balance due him for goods, wares and merchandise sold and delivered to the defendant. An itemized statement was made a part of plaintiff's statement of claim, showing a claimed balance due

$407.31. The summons was returnable June 1, 1928, and was served on defendant May 26. On May 31 there appears in the record an appearance of the defendant entered by an attorney. On June 1 an order was entered extending the time within which defendant should file his affidavit of merits ten days. On June 9 defendant filed his affidavit of merits, in which he set up that the balance he owed plaintiff was less than one hundred dollars and that he, defendant had a much larger claim which he desired to set off against plaintiff.

July 18 the cause came on for hearing in regular course, the defendant not appearing. The record recites that the court heard the evidence, found the issues against the defendant and assessed plaintiff's damages at $407.31. The next that appears in the record is that on February 4, 1929, an execution was issued and a demand made on the defendant February 25, 1929. On March 5 the defendant filed a schedule with the bailiff and on March 4 made a motion to vacate the judgment which was supported by his petition. The motion was overruled. April 2 defendant made a motion to vacate the order of March 4, denying his motion to vacate the judgment and the motion was entered and set for hearing April 15. In support of the motion defendant filed his petition. April 18 the motion was heard, the prayer of the petition was allowed, the judgment entered July 18 was vacated and set aside and it is to reverse this last order that plaintiff sued out this writ of error.

The motion of the defendant and the order vacating the judgment having been made about nine months after the judgment was entered, it is obvious that the motion was based on section 21 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 409, which provides that there shall be no stated terms of the municipal court; that a judgment of that court shall not be vacated

after thirty days except "upon appeal or writ of error, or by a bill in equity, or by a petition to said municipal court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity: *Provided, however,* that all errors in fact in the proceedings in such case, which might have been corrected at common law by the writ of error *coram nobis* may be corrected by motion, or the judgment may be set aside, in the manner provided by law for similar cases in the circuit court." This section means that where a judgment is entered in the municipal court and 30 days have elapsed, the municipal court is without power to vacate or set it aside except it may be vacated or set aside if a motion is made under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, showing sufficient grounds under that section, or the judgment may be vacated and set aside upon petition being filed which àlleges facts sufficient to cause the judgment to be vacated and set aside by a bill in equity if filed in the circuit or superior court.

The defendant's position is that the petition he filed in support of his motion to vacate the judgment sets forth facts sufficient to warrant the court in vacating the judgment. The motion having been heard upon the verified petition, no answer having been filed thereto, the question for decision is: Did the petition set up such facts as would warrant the court in vacating the judgment?

The petition set up that the defendant was "wholly uninstructed in matters of law and was unwilling to employ counsel to represent him . . . inasmuch as he was firmly convinced that the cause upon which the suit against him was based was totally without good and sufficient grounds," that the claim made against him was wholly without merit and the suit was brought for the sole purpose of harassing and vexing him when he was extremely busy; that the defendant

was a representative of the press and made his liveli-
hood in the profession of journalism; that at the time
the suit was brought he was commissioned to go to
Vienna; that in his affidavit of merits, which he pre-
pared himself, he explained the fact he was required
to go to Vienna and requested the date of the trial to
be set for some time in August, 1928, when he would
have returned from Vienna; that he did not learn of
the judgment entered against him until February 25,
1929, when he was served with the execution. It is
obvious that this petition is entirely insufficient to
warrant the court in vacating the judgment. If the
defendant was required to go to Vienna, he should
have had counsel represent him. And moreover,
although he stated in the petition and in his affidavit of
merits that he would return to Chicago in August,
1928, and apparently did return some time during that
month, he made no inquiry about the suit until the
following February. We think it obvious that the
defendant was so negligent that a court of equity
would not be warranted in vacating the judgment
under the facts set forth, and therefore the municipal
court, under section 21, would not be warranted in
doing so.

But the defendant contends that the order vacating
the judgment was not final and therefore not subject
to review by this court. There is no merit in this
contention. The motion of the defendant to vacate
having been made more than 30 days after the judg-
ment was entered against him, the petition which he
filed in support of his motion was in the nature of a
new proceeding and the order vacating the judgment
was appealable. *Cramer v. Illinois Commercial Men's
Ass'n,* 260 Ill. 516; *Imbrie v. Bear,* 230 Ill. App. 155;
*Izzi v. Ialongo,* 248 Ill. App. 90; *Central Bond and
Mortgage Co. v. Roeser,* 323 Ill. 90.

The defendant further contends that the petition
to vacate the judgment could be made a part of the

record only by bill of exceptions. This contention is unsound. The petition filed by the defendant in support of his motion to vacate the judgment was in the nature of a new proceeding, the petition being in the nature of a bill in equity which is a part of the common law record without a bill of exceptions.

A further point is made that the writ of error will not lie because it was not sued out within 30 days after the order vacating the judgment was entered. In support of this, section 23 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 411, is cited. That part of section 23 of the Municipal Court Act involved was long ago declared unconstitutional. *Hoffman v. Paradis,* 259 Ill. 111.

The order of the municipal court of Chicago vacating the judgment is reversed and the matter is remanded to the municipal court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.