Rocco de Stefano, Appellee, v. Max Miles et al., Appellants.

Gen. No. 35,883.

Heard in the second division of this court for the first district at the April term, 1932. Opinion filed November 22, 1932. Rehearing denied and additional opinion filed December 13, 1932.

JACOB A. MOGILL, for appellants; PRESTON CLARK and MORTON S. CRESSY, of counsel.

CAVENDER, MILCHRIST & KAISER, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

On June 9, 1931, a judgment by confession in the sum of $1,271.50 was entered against the defendants on a promissory note containing a warrant of attorney. From an order entered December 23, 1931, denying "the motion" of the "defendant" to vacate the judgment by confession, defendants have appealed.

The defendants contend that "the court erred in not vacating and setting aside the judgment or granting the defendants leave to appear and defend." It is very clear from the common law record in this case that this contention cannot be sustained. Section 21 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 409, provides: "That there shall be no stated terms of the municipal court, but said court shall always be open for the transaction of business. Every judgment, order or decree of said court final in its nature shall be subject to be vacated, set aside or modified in the same manner and to the same extent as a judgment, order

or decree of a circuit court during the term at which the same was rendered in such circuit court: *Provided,* a motion to vacate, set aside or modify the same be entered in said municipal court within thirty days after the entry of such judgment, order or decree. If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified excepting upon appeal or writ of error, or by a bill in equity, *or by a petition to said municipal court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity: Provided, however,* that all errors in fact in the proceedings in such case, which might have been corrected at common law by the writ of error *coram nobis* may be corrected by motion, or the judgment may be set aside, in the manner provided by law for similar cases in the circuit court.'' The common law record shows that on November 13, 1931, ''defendant'' *moved* the court to vacate and set aside the judgment entered by confession, and that on November 27, 1931, ''defendant'' was granted leave to file an amended petition in five days, but it fails to show that a petition or any document purporting to be in the nature of a petition was ever filed. The defendants rely upon that part of section 21 which we have italicized.

The filing of a petition under section 21 ''is an independent proceeding in the nature of a new suit, and not a mere incident to the original suit.'' (*Imbrie v. Bear,* 230 Ill. App. 155, 158.) ''This section means that where a judgment is entered in the municipal court and 30 days have elapsed, the municipal court is without power to vacate or set it aside except it may be vacated or set aside if a motion is made under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89,

showing sufficient grounds under that section, *or the judgment may be vacated and set aside upon petition being filed which alleges facts sufficient to cause the judgment to be vacated and set aside by a bill in equity if filed in the circuit or superior court."* (*Welley v. Klein,* 257 Ill. App. 171, 174. Italics ours.) In *Steudle v. Manthie et al.,* 185 Ill. App. 576 (abstract decision), the court held: "Section 21, paragraph 284, of the Municipal Court Act, provides for the only method of giving to the Municipal Court jurisdiction to vacate judgments or orders entered by the Municipal Court after thirty days have intervened after the entry of a judgment or final order. *No petition was filed under the authority conferred by said section 21, and the order under review was entered without jurisdiction."* (Italics ours.) In *Gage Hotel Co. et al. v. Kantoos et al.,* 185 Ill. App. 393, 395, the court stated: "In the present case no 'petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying' the judgment was filed. The order entered November 16, 1912, overruling the motion of the defendants to vacate the judgment entered on August 7, 1912, was properly made, as the court lacked jurisdiction to enter the order prayed for." It has been repeatedly held that a petition under section 21 is in the nature of a bill in equity. To cite a few of the cases: *Doyle v. Fallows,* 207 Ill. App. 5; *Izzi v. Ialongo,* 248 Ill. App. 90, 93; *Imbrie v. Bear, supra,* 158. Under section 21 a petition takes the place of a bill in chancery and if filed it, of course, becomes a part of the common law record. (See *Welley v. Klein, supra,* 176.) A record is incomplete that fails to show that the court has jurisdiction of the subject matter, jurisdiction of the person of the defendant, and the determination of the cause by the court. (See *Baldwin v. McClelland,* 152 Ill. 42, 52.) In the instant case, because the record fails to show that a petition was filed "setting forth

grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity,'' the court was without jurisdiction to vacate or modify the judgment by confession. We may add that the bill of exceptions shows that no petition nor any pleading in the nature of a petition was offered in evidence or even presented to the trial court upon the hearing of ''the motion'' to vacate the judgment.

The plaintiff has made a motion to strike the bill of exceptions from the files because it fails to incorporate the petition required by the statute. There is no merit in this contention. As we have heretofore stated, the filing of a petition under section 21 is an independent proceeding in the nature of a new suit, and not a mere incident to the original suit, and where a petition is filed it becomes a part of the common law record and it is unnecessary to incorporate it in a bill of exceptions. The fatal defect in the instant record is not that the bill of exceptions fails to show a petition, but that the common law record fails to show that such a pleading was ever filed. The motion to strike the bill of exceptions is therefore denied.

Under the record in this case the trial court was without jurisdiction to entertain a motion to vacate the judgment, and the order appealed from must therefore be affirmed and it is accordingly so ordered.

*Order dated December 23, 1931, affirmed.*

KERNER, P. J., and GRIDLEY, J., concur.

ADDITIONAL OPINION UPON PETITION FOR REHEARING.

In their petition for a rehearing defendants state that as a matter of fact they did file a petition and an amended petition in the aforesaid cause in the municipal court, and they pray that we grant a rehearing in the cause and allow them to file an additional record, which, they state, will show that a petition and an

amended petition were filed in the municipal court in due time in the said cause, and they insert in their petition for rehearing what purports to be a petition and an amended petition, and a certificate of the clerk of the municipal court which recites that said petition was filed in the cause on November 13, 1931, and said amended petition was filed on December 2, 1931. On April 25, 1932, after the above cause had been docketed in this court, plaintiff filed here a motion to strike ''the alleged bill of exceptions from the files of this court and to dismiss the aforesaid purported appeal of proceedings and to affirm the judgment,'' and in support of this motion written suggestions were filed, and by the same defendants were apprised that neither the common law record nor the bill of exceptions showed that a petition to vacate the judgment had been filed in the cause. Defendants filed a written answer to the motion of plaintiff, in which they stated that ''a complete record and abstract and brief has been filed by the defendants. The stenographic record is a complete and true record and is so certified by the clerk and approved by the court.'' They did not, in the answer, make any statement to the effect that the common law record was not complete. Their position was that the motion of plaintiff was a technical one, and they argued: ''We respectfully suggest that neither a sworn petition or an affidavit can have either superior weight or even equal weight with the actual testimony taken under oath in open court. In other words, we respectfully submit that the testimony taken in open court is the best evidence to present to the Appellate Court and that any affidavits made by witnesses are to be disregarded upon the presentation of the sworn testimony in open court.'' In the reply brief filed by defendants on May 21, 1932, nearly a month after plaintiff had filed his motion to strike the bill of exceptions and to affirm the judgment, they stated: ''A complete steno-

graphic record of the testimony is a sufficient record to present to this court the questions to be decided. . . . In the case at bar there is a common law record and a complete stenographic record.'' The determination of the motion of plaintiff to strike, etc., was reserved to the final hearing. Until the filing of our judgment in this cause defendants did not apprise this court of the alleged fact that the common law record here filed was not a complete one. They deliberately chose to have this court decide the appeal upon the then state of the record. The judgment is adverse to them and they now ask us to grant them a 'rehearing that they may reform their battle line. If we grant the petition for a rehearing in the instant case it would, in our judgment, establish a bad precedent, far reaching in its effect.

In support of their petition defendants cite par. 81, ch. 110, Cahill's Ill. Rev. St. 1931, which provides: ''. . . That if it shall appear to the Supreme or appellate court that the record in any cause is incomplete or insufficient upon which to fairly consider and pass upon errors or cross errors assigned, such court shall order the clerk of the trial court to certify such additional parts of the record as it shall deem necessary, and such court shall make such order as to the costs resulting therefrom as it shall deem just. . . . '' But counsel do not inform us what application that paragraph has to the instant record. Defendants cite *Gerke v. Fancher,* 57 Ill. App. 651, and *Harmon v. Callahan,* 286 Ill. 59, in support of their contention that an ''omission of a material part of the record may be supplied after decision by this Court.'' In the *Gerke* case the court allowed an omission in the common law record to be supplied after the court had decided the case, *upon the ground that the omission was the fault of the clerk of the trial court, and the appellant and his attorney were free from negligence.* The court in that

case, upon the rehearing, adhered to its original judgment. Nor has *Harmon v. Callahan* any application to the instant situation. In that case it appeared affirmatively from the common law record that the defendant had filed a second amended affidavit of merits to the plaintiff's claim and that thereafter the plaintiff moved the trial court to strike the said affidavit from the files, and that the court "sustains said motion and same is ordered stricken from the files of this cause, *except a certain part thereof as per motion filed,*" and that the defendant elected to stand by said affidavit and that the court thereupon rendered judgment against him by default for want of an affidavit of merits. It further appears that the motion to strike the second amended affidavit of merits from the files was not included in the transcript of the record. The plaintiff contended that when the municipal court struck the affidavit of merits from the files it ceased to be a part of the record and could only be restored as a part of the record in the cause by a bill of exceptions. The Supreme Court held that "the affidavit of merits is the defendant's pleading in the municipal court and takes the place of the defendant's plea in common law actions, and it appears from the rule of the municipal court above set out that what would be termed at common law a demurrer to this pleading is in the municipal court required to be in form a motion to strike. It is settled by the decisions of this court that the action of the trial court in sustaining a demurrer to a plea is preserved for review without a bill of exceptions. . . . The action of the court in striking only a part of the affidavit of merits can only be explained upon the theory that the court treated the motion to strike as a demurrer to the affidavit of merits. Had the motion been considered purely as a motion to strike the pleading from the files and not as a demurrer, the affidavit of merits, as a whole, would necessarily have

been stricken. The court, however, sustained the motion as to a part, only, of the affidavit of merits, clearly showing that the motion challenged the matters set up in the affidavit of merits as a defense to the plaintiff's claim, and while the motion is not before us it is evident from the judgment, when compared with the statement of claim and the affidavit of merits, that the portion of the affidavit of merits which was not stricken was that part which set up as a defense to a portion of the claim. . . . It therefore clearly appears from the record that the motion to strike was, in effect a demurrer to the affidavit of merits. . . . In order to pass upon the question presented to the Appellate Court for review the motion to strike should have been before that court. It was not included in the transcript of the record filed in that court. The record was incomplete and insufficient to enable the Appellate Court to fairly consider the errors assigned." The Supreme Court then quotes section 81 of the Practice Act and holds that in compliance with the statute the Appellate Court, in the state of the record before it, should have ordered the clerk of the municipal court to certify to the Appellate Court the motion to strike which had been omitted from the record. There it affirmatively appeared to the Supreme Court that a motion to strike the affidavit of merits from the files "except a certain part thereof as per motion filed," had been filed. The decision in that case has no bearing upon a record like the one before us. In the instant case we were warranted in concluding, from the common law record and the attitude of counsel for defendants in this court, that it was a complete record.

One of the three counsel for defendants, Jacob A. Mogill, has filed in this court, in support of the petition for a rehearing, an affidavit in which he states that the clerk of the municipal court failed to prepare a complete common law record by omitting and neglect-

ing to include the petition and amended petition which had been filed in the cause, and ''this affiant further states that he at no time whatsoever participated or assisted said clerk in checking the said record and was in no way responsible for the omission by the said clerk, nor was he apprised of the omission of the pleadings from the common law record as prepared solely by the clerk of the Municipal Court . . . until this Court on November 22, 1932, handed down its decision,'' and that he ''relied upon the certification and authentication of the clerk of the Municipal Court . . . that it was a complete, true and correct transcript of the record for the consideration of the Appellate Court.'' It is clear that the memory of the counsel is at fault. The answer of defendants to the motion of plaintiff to strike the bill of exceptions from the record and to affirm the judgment was signed by Jacob A. Mogill, personally, and it is evident from the motion to strike and the said answer, that attorney Mogill was fully aware, in April, 1932, that the common law record failed to show that a petition to vacate had been filed.

The petition for rehearing must be denied and it is accordingly so ordered.

*Petition for rehearing denied.*

KERNER, P. J., and GRIDLEY, J., concur.