Robert Wilson and William Wilson, Trading as Fullerton Wood Company, Appellants, v. Joseph L. Gill, Clerk of Municipal Court of Chicago, Appellee.

Gen. No. 37,842.

Opinion filed April 1, 1935.

HEILE, CAVENDER, MILCHRIST & KAISER, of Chicago, for appellants.

FREDERICK ARND and HIRAM T. GILBERT, both of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

February 1, 1934, plaintiffs filed a petition for mandamus against Gill as clerk of the municipal court of Chicago to compel him to deliver to plaintiffs a writ of *capias ad satisfaciendum* upon a judgment they had theretofore obtained in the municipal court. Defendant answered the petition and the cause was heard upon a stipulation to the effect that the facts were as averred in the petition and answer.

It appears from the petition that Joseph Gill, as clerk of the municipal court of Chicago, has charge of the records, proceedings and files thereof; that on August 18, 1933, plaintiffs began a tort action in the municipal court against one Raymond Byrnes, wherein malice was the gist of the action; that the statement of claim alleged that plaintiffs employed defendant as salesman and collector, and that while so employed defendant collected money aggregating $182.10, which sum, although it belonged to plaintiffs, defendant maliciously, fraudulently and wrongfully converted to his own use; that defendant was personally served in the cause; that the cause was regularly reached for trial and judgment entered September 8, 1933, finding defendant guilty as alleged in plaintiffs' statement of claim and assessing plaintiffs' damages at $182.10; that said judgment remains in full force and effect and unsatisfied. The petition also avers that on January 24, 1934, and on various dates prior thereto, plaintiffs requested Gill, as clerk, to issue and deliver a writ of *capias ad satisfaciendum* in their favor against defendant. The clerk refused and still refuses to issue the writ, for the reason, as he insists, that he is directed by a rule of the municipal court, which was regularly adopted by the judges of

that court not to do so. The rule, as set up in the answer, reads:

"No execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by the defendant, or unless such defendant shall have been held to bail upon a writ of *capias ad respondendum* as provided by law, or he shall refuse to deliver up his estate for the benefit of his creditors, nor shall the same be issued by the Clerk without a special order of Court." This rule has been in force at all times since and prior to the filing of the petition for mandamus.

In his answer the clerk alleges that he refused to issue the writ as requested because plaintiffs did not secure a special order of the court in compliance with said rule; that on or about January 31, 1933, defendant received from the chief justice of the municipal court a letter which in part reads as follows:

"You will note that no body execution shall be issued by the clerk without a special order of Court and that the person receiving the same shall immediately deliver the writ to the Bailiff for service."

The circuit court found from these facts that the rule was valid and that it was the duty of the clerk to observe and follow it; that plaintiffs had no right to demand of the clerk a writ of *capias ad satisfaciendum* until they had complied with the rule. An order denying the prayer of the petition for mandamus and dismissing the petition was entered. From that order this appeal has been perfected.

The only point argued is that the court erred in refusing to award the writ. Plaintiffs contend that notwithstanding the rule of court they were entitled to the *capias* and rely on *People v. Walker*, 286 Ill. 541. In that case the plaintiff moved the circuit court for an order directing the clerk to issue a *capias ad satisfaciendum* against the defendant. The court denied the motion, whereupon the plaintiff filed an

original petition for mandamus in the Supreme Court, praying that the trial judge order the clerk to enter the writ. The Supreme Court denied the prayer for the writ, saying:

"There was no necessity for an application to the court for an order directing the clerk to issue the writ, for the statute authorized it in the same terms as an execution against the defendant's property. By force of the judgment it was the duty of the clerk to issue the writ upon the request of the plaintiff." Plaintiffs also rely on *Reinwald v. McGregor*, 239 Ill. App. 240, where this court said:

"Where a judgment is entered in a tort action, it is the duty of the Clerk of the Court in which the judgment is entered to issue a writ of *capias ad satisfaciendum* upon request." Neither the *Walker* nor the *Reinwald* case involved any question as to the validity of any rule of court. The cases are therefore not authority for the proposition to which they are cited.

Plaintiffs cite other cases, such as *Rozier v. Williams*, 92 Ill. 187, and *Hopper v. Mather*, 104 Ill. App. 309, which follow the general rule as stated in the *Rozier* case:

"While circuit courts, and other courts of record, have undoubted power to make all reasonable rules for the transaction of the business of the courts, yet their rules must be in furtherance of law, and not in contravention of it. All rules of court must be subordinate to the general laws of the State, and such as are not are binding on no one. Nor is it competent for such courts to make rules whereby they may obtain jurisdiction of a cause, where it is not conferred by the general law. *Linnemeyer v. Miller et al.*, 70 Ill. 244; *Fisher v. National Bank of Commerce*, 73 id. 34; *Hayward v. Ramsey*, 74 id. 372; *Benson v. Johnson*, 90 id. 94."

We think the above opinion correctly states the rule of law applicable, but we are further of the opinion that the rule of court set up in stipulation is not invalid as being in contravention of the statute or any other general law. Indeed, the rule is substantially in the language of the statute with the exception of the last clause which provides that the writ of *capias ad satisfaciendum* shall not be issued without a special order of the court. A court of record has inherent power to makes rules of practice. 18 Ency. Pl. & Pr., page 1236. The municipal court of Chicago by sections 19 and 20 of the Municipal Court Act is given specific power so to do. *City of Chicago v. Coleman,* 254 Ill. 338; Cahill's Ill. Rev. Statutes 1933, ch. 37, ¶¶ 407, 408, pp. 948, 949. The rules, of course, must not be inconsistent with the statutes in relation to substantive law or in violation of any constitutional provision.

The rule here set up in the answer is a rule of practice and is not, in our opinion, inconsistent with the constitution or with any statute in relation to substantive law. It does not purport to take away from the creditor the right in a proper case to have his writ as provided by the statute. It merely provides that application for the writ should be made by the party entitled to it, in the first instance, to the court rather than the clerk. This provision does not seem unreasonable and seems well designed to prevent any abuse of the process of the court. There are many cases in the books where after the issuance of such writ its legality has been tested by a motion to quash, and so far as we know it has not been denied that the court has jurisdiction to hear such motion. A court always has control of its own process. The rule set up in the answer, as we understand it, is not in contravention of the statutes but in aid thereof to the end that the

enforcement of the same may be conducted in a proper and orderly way.

The circuit court did not err in denying the writ of mandamus. Its order is therefore affirmed.

*Order affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.