**Charles H. McKenna and Marie McKenna, Appellants, v. Morris Forman and Rose Forman, Appellees.**

**Gen. No. 38,350.**

Opinion filed February 11, 1936.

SCHUYLER, WEINFELD & HENNESSY, of Chicago, for appellants; HENRY E. JACOBS, of Chicago, of counsel.

LEVY & SCHMETTERER, of Chicago, for appellees.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

January 18, 1933, plaintiffs, Charles H. McKenna and Marie McKenna, secured a judgment by confession on a lease against defendants, Morris Forman and Rose Forman, for $5,396.62, which amount included alleged arrearages in rental instalments and attorneys' fees. Execution was issued May 31, 1934, which was returned August 30, 1934, "no property found and no part satisfied." Defendants filed their verified petition to vacate and set aside the judgment June 15, 1934. Plaintiffs filed their sworn answer to the petition to vacate on February 9, 1935. The trial court on March 8, 1935, refused to hear or set down or assign for hearing defendants' motion to vacate the judgment on their petition to vacate and plaintiffs' answer thereto, but entered the following order:

"Now comes the defendants and move the Court that the judgment rendered herein by confession be vacated and set aside, which motion the Court orders entered, and it is further ordered that said judgment be opened, that leave be and hereby is given to the defendant to appear and to make defense herein, that a trial of this cause be had notwithstanding said judgment, that said judgment stand as security, and that execution herein be stayed until the further order of this Court, and that the affidavit is to stand as affidavit of merits."

March 20, 1935, plaintiffs filed their written motion to vacate the order of March 8, 1935, which motion was denied April 8, 1935. This appeal seeks to vacate the order of March 8, 1935, granting leave to defendants to appear and defend without allowing plaintiffs a hearing on the issues raised by defendants' petition to vacate and plaintiffs' answer thereto.

Plaintiffs contend that the trial court was without jurisdiction to entertain the motion of defendants for leave to appear and defend or to enter the order of March 8, 1935, granting them leave to appear and defend on their petition to vacate; that the extent of the power of the court was to either hear the cause presented by defendants' petition to vacate the judgment and plaintiffs' sworn answer thereto or to assign same to some other judge of the municipal court of Chicago for hearing upon said petition and answer, pursuant to section 21 of the Municipal Court Act; and that the entry of the order of March 8, 1935, was contrary to the provisions of said section 21 of "an Act in relation to a Municipal court in the City of Chicago." (Ill. State Bar Stats. 1935, ch. 37, ¶ 409.)

Defendants' theory is that judgments by confession do not come within the purview of section 21 of the Municipal Court Act and that a motion to vacate a judgment by confession in the municipal court is governed by the civil practice rules of that court and is addressed to the sound discretion of the court, calling for the exercise of its equitable powers over its own judgments.

The real question presented for our determination in this cause is whether section 21 of the act relating to the municipal court of Chicago provides the sole procedure for vacating judgments of that court, including judgments by confession. That portion of section 21 of the Municipal Court Act pertinent to this proceeding is as follows:

"That there shall be no stated terms of the municipal court, but said court shall always be open for the trans-

action of business. Every judgment, order or decree of said court final in its nature shall be subject to be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court during the term at which the same was rendered in such circuit court: *Provided,* a motion to vacate, set aside or modify the same be entered in said municipal court within thirty days after the entry of such judgment, order or decree. If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified excepting upon appeal or writ of error, or by a bill in equity, or by a *petition to said municipal court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity."* (Italics ours.)

In *DeStefano v. Miles,* 268 Ill. App. 353, 357, this court quoted from *Steudle v. Manthie,* 185 Ill. App. 576 (abstract decision) as follows:

"Section 21, paragraph 284, of the Municipal Court Act, provides for the only method of giving to the Municipal Court jurisdiction to vacate judgments or orders entered by the Municipal Court after thirty days have intervened after the entry of a judgment or final order."

In discussing this question in *Welley v. Klein,* 257 Ill. App. 171, the court said at p. 174:

"This section means that where a judgment is entered in the municipal court and 30 days have elapsed, the municipal court is without power to vacate or set it aside except it may be vacated or set aside if a motion is made under section 89 of the Practice Act, Cahill's St. ch. 110, sec. 89, showing sufficient grounds under that section, or the *judgment may be vacated and set aside upon petition being filed which alleges facts sufficient to cause the judgment to be vacated and set aside*

*by a bill in equity if filed in the circuit or superior court."* (Italics ours.)

It has been repeatedly held that after 30 days have elapsed since the entry of a judgment in the municipal court by confession or otherwise, the same shall not be vacated, set aside or modified by that court except upon a petition in the nature of a bill in equity as provided in said section 21. It has also uniformly been held that the filing of the petition under sec. 21 is an independent proceeding in the nature of a new suit. As to the appropriate procedure to be followed pursuant to the filing of such a petition, this court in *Imbrie v. Bear,* 230 Ill. App. 155, after stating that if plaintiff in that case had made a motion to strike defendant's petition to vacate the judgment, it should have been granted for failure of the petition to vacate to set forth grounds for equitable interference, said at pages 158 and 159:

"Instead of making such a motion plaintiffs filed an answer to the petition, which the court struck on the theory that it was bound to take the averments of the petition as true, and that plaintiffs were not entitled to a hearing thereon.

"Section 21 of the Municipal Court Act (Cahill's Ill. St. ch. 37, ¶ 409) manifestly contemplates conferring on such court only such power as a court of equity could exercise in a similar case under analogous proceedings, at least so far as they afford an opportunity for the formation of issues and a hearing thereon. It is an independent proceeding in the nature of a new suit, and not a mere incident to the original suit. The proceedings, therefore, in the absence of any specific statutory direction, should be appropriate to the relief sought (23 Cyc. pp. 947, 948), which require a hearing as to the existence of the grounds on which the relief is invoked. Judgments would stand upon a very insecure foundation if they could be set aside at any time on the mere filing of a petition regardless of the truth of its aver-

ments. But the statute manifestly contemplated in conferring such equitable power that it would not be exercised without an opportunity, as afforded in equity, for a hearing as to the existence of the grounds upon which it is invoked."

It follows that plaintiffs had the right to file the answer which they did file to defendants' petition to vacate the judgment and to a hearing as to the existence of the grounds on which the equitable relief of the court was invoked by defendants, same having been put in issue by the answer which traversed all the material allegations of the petition to vacate and alleged new matter pertinent to the issues.

To sustain the trial court's action in refusing to grant plaintiffs a hearing on their answer to defendants' petition to vacate the judgment by confession, as well as to sustain the court's order of March 8, 1935, granting them leave to appear and defend, defendants rely on Rule 190 of the Civil Practice Rules of the municipal court and the note appended thereto, and on authorities that announce the rule in the circuit and superior courts relating to motions and petitions to vacate judgments by confession, where such motions have been made after term time or more than 30 days after the entry of such judgments under the Civil Practice Act. They also cite cases to sustain their position wherein petitions were filed in the municipal court under sec. 21 to vacate judgments by confession and no answers were filed thereto or hearings demanded thereon.

Rule 190 of the Civil Practice Rules of the municipal court and its accompanying note are as follows:

"A judgment by confession may be opened with leave to the defendant to plead whenever the evidence introduced by him, by affidavit or otherwise, taken by itself alone, is sufficient to establish a good defense to the plaintiff's claim in whole or in part.

"Note: While upon a motion to vacate a judgment and for leave to plead counter-affidavits may be filed by the plaintiff, the court cannot decide the question upon the weight of the evidence if the evidence for the defendant makes a *prima facie* case."

It will be noted that this rule and its appended note are silent as to when or at what stage of the proceedings the remedy therein provided may be invoked, and it is only fair to assume, inasmuch as the rule fails to mention the time when the remedy may be exercised and takes no cognizance at all of laches, which has always been recognized as a bar, that it has reference only to an application to open up a judgment by confession within 30 days after its entry. Otherwise the rule would be in contravention of sec. 21 of the Municipal Court Act, which it has been shown contemplates such proceedings as are afforded in equity, including the filing of an answer to the petition to vacate and a hearing on the issues raised by such petition and answer. If Rule 190 and the note supplementing it were intended to apply to a petition in the nature of a bill in equity filed more than 30 days after the entry of a judgment by confession to vacate same, what possible purpose would it serve to file an answer when under the rule the court is empowered and directed to ignore such answer? The right of the municipal court to make such rules regulating the practice therein as may be deemed necessary and expedient for the proper administration of justice in that court is recognized, but the rules of practice adopted by the court must not be inconsistent with statutes in relation to substantive law. Quoting *Rozier v. Williams,* 92 Ill. 187, this court said in *Wilson v. Gill,* 279 Ill. App. 487, at p. 490: "While circuit courts, and other courts of record, have undoubted power to make all reasonable rules for the transaction of the business of the courts, yet their rules must be in furtherance of law, and not in contravention of it. All

rules of court must be subordinate to the general laws of the State, and such as are not are binding on no one.'' Rule 190 is clearly inconsistent with that portion of sec. 21 of the Municipal Court Act which pertains to the filing of a petition in the nature of a bill in equity to vacate a judgment by confession entered by that court where more than 30 days elapsed since the entry of the judgment, and, we think, could have been intended to apply only to applications to open up judgments by confession with leave to appear and defend when such applications are made when less than 30 days have intervened after the judgments were entered.

In the circuit and superior courts the established rule has been that where a motion to vacate a judgment by confession was made after the expiration of the term at which it was entered, it was addressed to the sound discretion of the court and calls for the exercise of the equitable powers of the court over its own judgments. This rule continues to prevail in those courts where a similar motion is made under the Civil Practice Act more than 30 days after the entry of the judgment. The same rule would undoubtedly be also applicable to like motions in the municipal court were it not for the fact that sec. 21 of the Municipal Court Act as repeatedly construed by this court and the Supreme Court prescribes the procedure to be followed on motions to vacate judgments in that court. While judgments by confession are not specifically mentioned in sec. 21, it comprehends ''every judgment, order or decree of said court, final in its nature.'' A judgment by confession has all the qualities, incidents and attributes of other judgments. The clerk of the trial court in making the entry of such judgments records the conclusions and findings of the law and the judgment is of the same character as any other. (*Blake v. State Bank of Freeport,* 178 Ill. 182.)

We have carefully examined all the cases cited by defendants and in not one of them do we find any language that questioned or denied the right of a plaintiff to answer the petition of a defendant to vacate a judgment by confession entered in the municipal court of Chicago, where said petition was filed more than thirty days after the entry of such judgment or his right to a hearing on the issues raised by such petition to vacate and the answer thereto. In our opinion, diligent defendants with a meritorious defense and anxious for a final determination of all the issues involved should prefer such a hearing where the equitable powers of the court would be brought into play to ascertain whether the judgment was proper, fair and just.

Plaintiff's had a substantial vested property right in their judgment, of which they could not be legally divested by a rule of practice promulgated by the municipal court, which is inconsistent with sec. 21 of the Municipal Court Act, the true intent of which, we think, was to afford plaintiffs a hearing on the issues of fact raised by their answer to defendants' petition to vacate.

For the reasons stated herein the order of the municipal court of March 8, 1935, granting leave to defendants to appear and defend and of April 8, 1935, denying plaintiffs' motion to vacate the order of March 8, 1935, are reversed and the cause is remanded with directions to allow plaintiffs a hearing on their answer to defendants' petition to vacate the judgment.

*Reversed and remanded with directions.*

SCANLAN, P. J., and FRIEND, J., concur.